IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAMIEN RILEY, #1938759      *
      Petitioner,
v.      *     CIVIL ACTION NO. WDQ-15-838

STATE OF MARYLAND      *
      Respondent.
                                  *****

MEMORANDUM

Petitioner Damien Riley (hereinafter referred to as "Riley") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his 1999 convictions in the Circuit Court for Baltimore City.[1] ECF No. 1. Respondents have filed a court-ordered response, arguing that the petition is subject to dismissal because it is untimely and because Riley has not shown that he remains in custody on the 1999 convictions.[2] ECF No. 7. After review, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow the petition shall be dismissed.

**I. Background and Procedural History**

On January 11, 1999, Riley pled guilty to one count of robbery and one count of carrying/wearing a handgun. That same date, he was sentenced to serve five years on the

---

[1] At the time he filed this petition, Riley was detained at the Chesapeake Detention Facility awaiting trial on his federal charges. *See United States v. Riley*, Criminal No. WDQ-13-608 (D. Md.). On May 26, 2015, he was sentenced to a cumulative 210 months incarceration in the Federal Bureau of Prisons. *Id.*

[2] Riley was ordered to remit the filing fee or to move to proceed in forma pauperis. He has filed an indigency motion (ECF No. 4), which shall be granted.

robbery count and three years on the handgun count. ECF No. 7-1. No appeal was filed. Riley's 2004 release from state custody on those offenses remains undisputed.

In filing the instant § 2254 petition, dated March 18, 2015, Riley asserts, as best as this Court can discern, that his guilty pleas were not voluntarily entered and defense counsel provided him ineffective assistance. ECF No. 1 at pgs. 2-6.

## II. "In Custody" Requirement

Title 28 U.S.C. § 2254 Provides, in pertinent part, that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has made unmistakably clear that a § 2254 petitioner must, at the time his or her petition is filed, be "in custody" pursuant to the contested state conviction or sentence. *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)). It is also clear that § 2254's requirement that a habeas petitioner be "in custody" pursuant to the contested state conviction raises a threshold jurisdictional question. *Maleng,* at 490 (stating that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States' ") (emphasis in original); *Broomes v. Ashcroft,* 358 F.3d 1251, 1254 (10th Cir. 2004) (stating that "[t]he 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition") (citing *Maleng,* 490 U.S. at 490–91).

Of course, to meet the jurisdictional "in custody" requirement, a § 2254 petitioner need not be in actual physical custody of state authorities at the time a habeas petition is filed. Thus, it is well-settled that an ongoing term of probation or parole is a sufficient restraint on a

petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254. *See, e.g., Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under an unexpired state sentence for habeas purposes because the petitioner's release from physical confinement was not unconditional and "the custody and control of the Parole Board involves significant restraints on petitioner's liberty"). But it is equally well-settled that "[o]nce the sentence imposed for a conviction has *completely expired,* the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng,* 490 U.S. at 492, (emphasis added). Significantly, a habeas petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. *Id.*

### III. Statute of Limitations

Since April 24, 1996, a one-year statute of limitations applies to state prisoners filing petitions for federal habeas relief in non-capital cases under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d).[3] This one-year period is tolled while properly filed post-conviction proceedings are pending.

---

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution

## VI. Analysis

There is no material dispute that Riley is no longer in physical custody on his 1999 convictions. Any adverse consequence experienced as a result of this state conviction does not alter this determination. He has failed to meet the "in custody" requirement of § 2254.

Further, affording the petition the most generous of filing dates, it is deemed as filed by Riley on March 18, 2015, the date on which it was signed and presumably deposited with prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

Riley's one-year limitations period under 28 U.S.C. § 2244(d) began to run on February 10, 1999, when the time for filing his application for leave to appeal in the Court of Special Appeals of Maryland expired. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e); Md. Rule 8-204(b). The record shows that Riley filed no post-conviction petition or otherwise sought collateral review of his conviction during the course of the following one-year period. He filed this action in March of 2015, more than fifteen years after the limitation period lapsed.

---

or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

Riley claims that the statute of limitations period should be equitably tolled because it should "commence as of the date in which [I] was educated as to [my] lawful remedies..." He asserts that as he did not have the "mental capacity or legal training to understand the complexities of the instant motion" and was unaware of the faults of his plea. ECF No. 1 at pgs. 6 & 7.

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi*, 131 S.Ct. 1278, 1283 (2011). The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Additionally, the movant must show that he employed reasonable diligence in investigating and bringing his claims. Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010), citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).

Respondent, however, correctly observes that Riley's excuses do not prompt the equitable tolling of the one-year limitation period under the law. Legal inexperience is not a justification for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); *Cross–Bey v. Gammon*, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that

warrant equitable tolling).[4]  In this case, however, Riley has neither asserted, nor do the pleadings suggest, any circumstances that justify equitable tolling. Accordingly, the petition will be denied and dismissed with prejudice by separate Order.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Riley does not satisfy this standard, and the court declines to issue a certificate of appealability.

Date: July 13, 2015

William D. Quarles, Jr.
United States District Judge

---

[4]   Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g., Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that " 'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ("[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).